Alice N. Morris
PO Box 1069
Lakeview, OR
97630
541-797-8490
morrisnalice@gmail.com

# United States District Court
## District of Oregon
## Medford Division

| | |
|---|---|
| Alice N. Morris BSN/RN,<br><br>Plaintiff,<br><br>v.<br><br>Asante Health Systems<br>an Oregon Corporation,<br>Scott Kelly CEO,<br>Dr. Jamie Grebosky CMO,<br>Robert Begg VP of HR,<br>Amanda Kotler RN- VP of Nursing,<br>Kristin Roy JD- Legal,<br><br>Defendants. | Civil No. 1:22-CV-01707-CL<br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br>ORDER: |

## COMPLAINT

Plaintiff, Alice N. Morris, alleges:

1. This complaint action is brought against the Defendants to enforce the provisions of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)(1) [S. 703](a)(1), *et seq.* ("Title VII") for Religious Discrimination based on Failure to Accommodate, and Oregon Revised Statues (ORS) 659A.030 (a) and 431.180 (1) and ORS 433.416 (3), and Oregon Administrative Rule (OAR) 333-019-1010 § (3)(a), (5)(a).

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f). The Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(1),(2) as it is where a substantial part of the events or omissions giving rise to the claim herein occurred.
3. The Defendant, Asante Health Systems (Asante) is a for-profit healthcare corporation based in Medford, Oregon providing medical services to nine southern Oregon and northern California counties combined.
4. Asante is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).
5. Scott Kelly is a "person" within the meaning of 42 U.S.C. § 2000e(a) and acting as the Chief Executive Officer of Asante is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Scott Kelly as the CEO is responsible for approving of the unlawful discriminatory Covid-19 vaccination "zero-tolerance" policy to employees under his supervision.
6. Dr. Jamie Grebosky is a "person" within the meaning of 42 U.S.C. § 2000e(a) and acting as the Chief Medical Officer of Asante is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Jamie Grebosky as the CMO is responsible for developing and/or implementing the unlawful discriminatory Covid-19 vaccination "zero-tolerance" policy to employees under his supervision.
7. Robert Begg is a "person" within the meaning of 42 U.S.C. § 2000e(a) and acting as the Vice President of Human Resources of Asante is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Robert Begg as VP of HR is responsible for developing and/or implementing the unlawful discriminatory Covid-19 vaccination "zero-tolerance" policy to employees under his supervision.
8. Amanda Kotler is a "person" within the meaning of 42 U.S.C. § 2000e(a) and acting as the Vice President of Nursing is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Amanda Kotler as VP of Nursing is responsible for developing and/or

implementing the unlawful discriminatory Covid-19 vaccination "zero-tolerance" policy to employees under her supervision.

9. Kristin Roy (JD) is a "person" within the meaning of 42 U.S.C. § 2000e(a) and acting as the Vice President of Legal in the scope of her duties as General Counsel is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Kristin Roy (JD) as VP of Legal and Asante General Counsel is responsible for both developing and/or implementing the unlawful discriminatory Covid-19 vaccination "zero-tolerance" policy, as well as authorizing and approving of the unlawful terminations and/or contract cancelations of employees and contractors under her supervision.

10. An Equal Employment Opportunity Commission (EEOC) complaint was filed on August 8th, 2022 against the Defendant (EEOC Charge No. 551-2022-06195) by Plaintiff, Alice N. Morris. The EEOC issued an expedited "Determination and Notice of Rights" on August 9th, 2022. The EEOC determination finding closes the EEOC claim due to the filing falling outside of Oregon's statute of 300 days from the October 5th 2021 date of violation. The filing was eleven days late under the statute due to the Plaintiff being unaware of the EEOC programs existence, its rules and deadlines. The EEOC makes no determination to the validity or merits of the complaint within their "Determination of Charge" and has issued a "Right to Sue" within 90 days of the decisions issuance. This complaint must be filed on or before November 6th, 2022 by statute, and has met that criteria.

11. All conditions precedent to the Plaintiffs filing of this suit have been performed or have occurred with due diligence to the best knowledge of the Plaintiff and/or her Pro Se counsel in good faith.

## FACTUAL ALLEGATIONS

12. Plaintiff Alice Morris is an Oregon citizen and resident who was and is a licensed and certified BSN-RN Med-Surge travel nurse who was lawfully working within Oregon, under employment contract with the Defendant at their Asante Rogue Regional Medical Center (hereinafter as "ARRMC") in Medford, Oregon via her

assignment company ProTouch Staffing of Frisco, Texas (hereinafter as "Contractor").

13. Her assignment agent at the time was Carter Ralston (hereinafter as "Agent").
14. Plaintiff's assignment dates were contractually agreed to run from August 1st 2021- October 31st 2021 at $4593 gross per week for 48 hours worked.
15. Plaintiff's work was praised, and she was subsequently offered a second contract, in the industry known as a "contract extension" by the Defendant via her Agent on September 28th to run consecutively from November 1st- January 29th at $6,777 gross per week for 48 hours worked.
16. Plaintiff accepted the second offer for contractual extension.
17. Plaintiffs' initial contract was wrongfully terminated prematurely by the Defendant on October 5th with a "last shift" date of October 16th for not receiving the Covid-19 vaccine against the tenets of her faith.
18. Plaintiff requested an exemption from the Covid-19 vaccine for her religious objection prior to hiring.
19. The Defendant approved of the Plaintiff's religious objection and exemption from Covid-19 vaccination prior to the contract being ratified on July 14th 2021.
20. The religious exemption from vaccination stipulation was required by the Plaintiff as an agreed term of the employment contract.
21. The stipulation was pre-determined and agreed to by the Defendant as part of the terms of the contract prior to ratification.
22. The unlawful action of wrongful early termination of the first employment contract incurred Plaintiffs loss in actual wages of $9,186.
23. The unlawful action of "refusal to hire" by the Defendant, via rescinding the Defendants secondary offer of contractual employment incurred the Plaintiffs loss in actual wages of $88,101
24. The Defendants unlawful action violating the Plaintiffs Title VII protected religious rights incurred actual wage losses to the Plaintiff totaling $97,287.
25. The Plaintiff and other similarly-situated employees were harassed and intimidated by Asante employees and department level supervisory staff regarding non-vaccination. The Plaintiff and other employees not vaccinated for Covid-19 were

routinely publicly spoken of in an extremely negative context with expressed malice and hostility.

26. Plaintiffs co-workers and front-line department supervisors (both in-house Asante employees and fellow contracted "traveling" employees) routinely made derogatory remarks, even to include actions of violence against unvaccinated staff without repercussion or correction by frontline supervisors or their superiors, such as "they deserve to all be fired", and "more then firing they all should be in jail", and "the unvaccinated need their ass beat" and similar statements of affect.

27. The unlawful discriminatory action, harassment, intimidation and peer pressuring coercion were unwelcome, sufficiently severe or pervasive and detrimentally affected Plaintiff Morris and other similarly-situated employees.

28. Despite having a pre-hire and pre-arranged July 14th 2021 religious exemption stipulation in her hiring, on October 5th the Defendant made it clear to Plaintiffs Agent that "no religious exemptions will be issued".

29. Regarding the terminating action, the Contractor and the Agent complained and inquired with Defendant changing the agreed to terms of the contract and violating Plaintiffs rights. Defendants response was that "the pandemic is an emergency, and fluid situation".

30. The Defendant made it clear throughout the Asante Health System network of providers that no religious exemptions to the Covid-19 vaccine will be authorized to employees and those who refuse will be summarily terminated no later than October 17th 2021.

31. Plaintiff overheard frontline supervisors saying to other employees "no religious exemptions will be approved, don't even bother to apply for one".

32. Asante VP of Human Resources Robert Begg was heard laughing about firing nurses and other staff during a Q&A session with Asante employees.

33. According to an unnamed anonymous Asante administration employee, records dated October 7th 2021 show that Asante Health System unlawfully fired 454 employees at Rogue Regional Medical Center alone, to include 180 nurses issuing zero religious exemptions (figures do not include other Asante facilities).

34. The Defendants termination action was wrongfully and unlawfully justified per ORS 657.176 § (2)(a) and was reported to the Oregon Employment Department as "you were fired because you violated the employers policy", "for willful or wantonly negligent violation of standards of behavior", and "because you did not follow the employers protocol". The final determination was declared as "You were fired for misconduct connected with work".

35. Plaintiff Morris and other similarly-situated employees suffered severe financial repercussions from the unlawful action. Plaintiff suffered physical and emotional distress as a result of the discrimination, bullying, harassment and peer pressure coercion tactics.

36. Defendants unlawful policy and procedures resulted in severe financial losses. Plaintiff suffered damage to her career reputation. Plaintiff suffered damage to her credit rating and score through her sudden inability to make loan payments. Defendants unlawful action caused fear and agitation regarding her housing and food security related issues.

37. Plaintiff had a pre-hire arrangement and agreement dated July 14th of 2021 that the Covid-19 vaccination was not and would not be required of her as a prerequisite or requirement for employment with Asante Health Systems. Asante reneged on the agreed terms and stipulation of the contract unlawfully terminating the Plaintiff and withdrawing the subsequently offered contract extension on the basis of religious discrimination.

## COUNT I
## TITLE VII VIOLATION
### TITLE VII 42 U.S.C. § 2000e-2(a)(1) [S. 703](a)(1)
### Wrongful Termination and Refusal to Hire Based on Religious Discrimination Against Plaintiff Alice Morris and Similarly-Situated Employees

38. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-37, above.

39. Plaintiff Morris engaged in a protected activity when she refused the Covid-19 vaccine based upon her religion, and/or the free practice thereof.
40. Plaintiff and other similarly-situated employees were discriminated against and harassed based upon religion and/or the right to the free practice of their faith within the scope of their employment as protected within law by Asante, et al.
41. The Defendants unlawful termination action and refusal to hire, discriminatory statements, threats, and conduct were unwelcome, sufficiently severe and pervasive, and detrimentally affected Plaintiff Morris and other similarly-situated employees. These actions were viewed as subjectively hostile and abusive by the Plaintiff and other similarly-situated employees, and would be viewed as such to any other reasonable person.
42. The Defendant was aware or should have been aware of the pre-existing religious exemption agreement stipulation within the terms of the Plaintiffs hiring
43. The Defendant was questioned about the Plaintiffs contractual termination by her Agent, and offered the opportunity to correct the unlawful employment termination action.
44. The Defendant had or should have had actual or constructive knowledge of the unlawful actions, discrimination, bullying and harassment.
45. Defendant changed the terms of the pre-hire agreement to state that acceptance of the Covid-19 vaccine was now a requirement of her employment (and the contractual extension employment offer) with zero-tolerance for religious exemptions and disregard for the pre-arranged acceptance of her objection to the vaccine within her faith.
46. When confronted and questioned about the discrepancy, the Defendant failed to take remedial actions to prevent the unlawful termination, to correct the offer for continued employment, or to prevent or correct the religious discrimination and ongoing bullying, harassment and coercion.
47. Asante, et al. discriminated against Morris and similarly-situated employees on the basis of religion as defined in violation of Section 703](a)(1) of Title VII, 42 U.S.C. § 2000e-2(a).

## COUNT II

## OREGON REVISED STATUTE VIOLATION

### (ORS) 659A.030 (a)

### Unlawful to Discharge and Refusal to Hire Based on Religion

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-47, above.
49. Plaintiff Morris engaged in a protected religious activity when she refused the Covid-19 vaccine according to the tenets of her faith.
50. The ORS states that employers may not discharge an employee nor refuse to hire any individual with regards to the practice of their religion. A person whose religion treats or administers to sick or suffering people by purely spiritual means is protected by law, and an employee can not be required, intimidated, manipulated or coerced into any action that conflicts with the tenets of their faith.
51. The Defendant set a zero-tolerance employee vaccination policy that is clearly in violation of this statute. The Defendant knew or should have known that the policy was unlawful under this statue, yet they set this employee policy in defiance of the law to the great detriment of the Plaintiff and other similarly-situated employees.
52. There was a clear and concise causal connection between Plaintiffs decision to not vaccinate and her termination.
53. Asante, et al. discriminated against and injured the Plaintiff for engaging in a protected activity by violating Section (a) of ORS 659A.030.

## COUNT III

## OREGON REVISED STATUTE VIOLATION

### (ORS) 431.180 (1)

### Freedom to Choose One's Healthcare Provider and Treatment

54. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-53, above.

55. Plaintiff Morris engaged in a protected activity when she refused the Covid-19 vaccine as her personal chosen medical treatment plan according to her religious faith.
56. The ORS states that nothing within the Oregon Health Authority policy of required vaccination by healthcare workers may be construed as to interfere with an individuals practice of religion. A person whose religion treats or administers sick or suffering people by purely spiritual means is protected by law.
57. The Defendant set a zero-tolerance employee vaccination policy that is clearly in violation of this statute. The Defendant knew or should have known that the policy was unlawful under this statue, yet they set this employee policy in defiance of the law to the great detriment of the Plaintiff and other similarly-situated employees.
58. There was a clear and concise causal connection between Plaintiffs decision to not vaccinate and her termination.
59. Asante, et al. discriminated against and injured the Plaintiff for engaging in a protected activity by violating Section 1 of ORS 431.180.

## COUNT IV
## OREGON REVISED STATUTE VIOLATION
### (ORS) 433.416 (3)
### An Employee Can Not be Required to Immunize as a Condition of Work

60. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-59, above.
61. Plaintiff engaged in a protected activity when she exercised her right to not be immunized according to the provisions of her faith under Statute 433.416 (3)
62. The ORS states that employers may not require any immunization as a prerequisite to employment. An employee can not be required, intimidated, manipulated or coerced into any action that conflicts with the tenets of their faith as a rule for lawful employment. Plaintiffs exercise of the tenets of her faith is a protected activity, and her right to not immunize as a condition of work is protected under this statute.

63. There was causal connection between Morris' decision not to immunize as a condition of work and her wrongful termination.
64. There was a causal connection between Morris' refusal on religious grounds to immunize with the Covid-19 vaccine and the Defendants withdrawal of the job offer for contractual extension, a "refusal to hire" based upon religious discrimination.
65. Asante, et al. discriminated against and injured the Plaintiff for engaging in a protected activity by violating Section 3 of ORS 433.416.

## COUNT V
## OREGON ADMINISTRATIVE RULE VIOLATION
### (OAR) 333-019-1010 § (3)(a), (5)(a)
### Oregon Health Authority Healthcare Staff Vaccine Mandate
### Requires a Title VII Religious Exemption Option

66. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-65, above.
67. The Defendant incorrectly and intentionally set their zero-tolerance Covid-19 vaccine requirement policy contrary to the healthcare worker vaccine order as issued by the Oregon Health Authority; OAR Section 333, that was written in collaboration between Governor Kate Browns Office (Hereinafter as "Executive") and the Oregon Health Authority for implementation across the state.
68. Oregon Administrative Rule Chapter 333, Division 19, Rule 1010 Section 1 lays out the groundwork for the Covid-19 vaccination program for all healthcare workers. The paragraph further states that "… the CDC *recommends* vaccination against Covid-19 for all *eligible* individuals", (emphasis mine). Section 1 does **NOT** state that vaccination against Covid-19 is "required for all individuals". This is an omission of intention as an order of such magnitude would be unlawful.
69. OAR 333-019-1010 continues in § 3(a) that all healthcare workers must be fully vaccinated to work in a healthcare setting (ARRMC qualifies, as defined) *"or have provided documentation of a medical or religious exception"*.

70. Plaintiff did her due diligence prior to hiring in expressing to the Defendant before ratifying the employment contract that she had a lawful objection to the Covid-19 vaccine based on the Title VII protected free exercise of her faith, as well as would be later based on OAR 333-019-1010. Plaintiff had documented and provided her religious objection for exemption before ratifying the contract on July 14th, 2021.

71. Prior to the Plaintiff signing her contract the Defendant expressed to the Plaintiff acceptance of her religious exemption stipulation, declaring that the Covid-19 vaccine was not and would not be required of the Plaintiff as a requirement or prerequisite of employment.

72. Asante, et al. later wrote their zero-tolerance vaccination policy in violation of Federal and State law, as well as in violation of this OAR which explicitly declares that provision for religious exemption must be offered and allowed.

73. OAR 333-019-1010 § (5)(a) further states and clarifies in writing that nothing within the Oregon Health Authority's OAR healthcare staff vaccine requirement rule may violate or contradict existing or well established Federal and State law, including the religious provisions of Title VII. It further states that the OAR can not be used to intend or imply the violation of other applicable State laws, such as the three aforementioned ORS' in Count's II, III and IV.

74. The Defendant claimed the employee terminations were required by the Executive and the OHA under this Rule, and would justify and classify the firings as such.

75. The Defendant violated the very OAR requirements set forth by the Executive and the OHA healthcare vaccine rule that they cited and claimed to be implementing when terminating the Plaintiff, and other similarly-situated employees.

76. Asante erroneously and intentionally terminated Plaintiff and other employees with either a grossly negligent interpretation of the rule at best, or with malice and prejudice at worst. Nonetheless, the terminating action was intentional, swift and without administrative appeal or recourse full well knowing the damages to career and character that employees would incur.

77. Asante, et al. discriminated against and injured the Plaintiff and other similarly-situated employees by violating Sections 3(a) and 5(a) of OAR 333-019-1010.

## Prima Facie Eligibility

78. Establishing the four prongs of Prima Facie Eligibility based on Religion;
    A. Alice Morris, employee and Plaintiff, is in a protected class based upon her Religion and the practicing tenets of her faith under the law, Paragraph 1;
    B. Alice Morris, employee and Plaintiff, was and is professionally qualified for the position. Plaintiff was and is a licensed, certified and insured nurse with a BSN-RN degree, with all appropriate nursing certifications and experience to lawfully work as a Med/Surg nurse within Oregon. She met all requirements of the position prior to the unlawful action, and was both fired and refused a renewal contract extension hiring based upon the tenets of her faith. Prior to the unlawful terminating action, she was executing and performing her professional duties with honor and exemplary standards, personally above reproach in good standing with Asante, Paragraph 12;
    C. Alice Morris, employee and Plaintiff, was fired from employment, and was refused further employment for adhering to the tenets of her faith above those unlawfully ordered by Asante, et al. The Defendant both fired her and rescinded their offer for contractual extension, Paragraph 22, 23;
    D. Asante, et al. employer and Defendant, continued to openly hire both in-house full time nurses as well as contracted travel nurses as replacements to the discharged Plaintiff and other similarly-situated employees who did not have a predisposed religious objection to the Covid-19 vaccine. Asante replaced their religious employees who objected to the Covid-19 vaccine based on tenets of their faith with employees whom had no religious objections. Plaintiff was on the shift schedule until October 30th, 2021. Plaintiff Alice Morris was ordered to train some of the nurses who were her direct replacements. Refusal to train her replacements was said to be a beach of the contract on her part.
79. Under these guidelines, Plaintiff believes that she has met all four prongs for the establishment of a Prima Facie case under Title VII, religious discrimination. The Factual Allegations are not in dispute, the Plaintiff was fired and refused further employment based upon her implementation of the tenets of her faith in violation of Title VII, three applicable ORS' and one applicable OAR.

## Prayer For Relief

WHEREFORE, as the Plaintiff has been injured by the Defendant, Morris prays the Court grant the following relief:

A. Enjoin Defendant Asante, et al. from:
   (i) subjecting employees to discrimination and harassment based on religion; and
   (ii) terminating and/or refusing to hire employees who engage in the protected activity of free exercise of religion and associated beliefs and practices under Title VII and other applicable Federal and State laws and rules as enumerated in Counts I-V as it applies to the Covid-19 vaccine;

B. Order Defendant Asante, et al. to develop and implement appropriate and effective policies and measures designed to prevent religious discrimination, harassment, bullying, and coercive tactics intended to manipulate employees from exercising their religious rights under Title VII and other applicable Federal and State laws and rules as it applies to the Covid-19 vaccine;

C. Order Defendant Asante, et al. to develop and implement appropriate and effective policies and measures designed to receive religious exemption requests, as well as to receive complaints of religious discrimination, harassment, bullying and coercive tactics; as well as a process for investigating such complaints as it applies to the Covid-19 vaccine;

D. Award Plaintiff Alice Morris compensatory damages of $97,287 for the actual incurred lost wages that were unlawfully taken from her by Defendant Asante, et al. and its discriminatory, harassing, and coercive conduct;

E. Award Plaintiff Punitive damages of $300,000 to compensate for injuries caused by Defendant Asante, et al. in their discriminatory practices as set forth in Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981(b)(1), (3)(d) as Respondent discriminated against Morris intentionally with malice and/or with reckless indifference to her federally protected rights as an aggrieved individual;

F. Award Plaintiff any and all additional relief as justice may require within US federal and Oregon state laws, rules, procedures and limitations.
G. Award Plaintiff any and all costs generated within the scope of the complaint, including but not limited to; filing, recording, service, searches, paralegal, attorney fees, transportation costs, witness fees and her involved hours of preparation at a fair rate as a Pro Se litigant.

## JURY DEMAND

The Plaintiff, Alice N. Morris, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

Dated    11-3-22

*Alice Morris*

Alice N. Morris BSN/RN, (Pro Se)
POBOX 1069
Lakeview, OR 97630
(541) 797-8490
morrisnalice@gmail.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br>551-2022-06195 |
|---|---|---|

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.)<br>Mrs. Alice N. Morris | Home Phone<br>541-797-8490 | Year of Birth |
|---|---|---|

Street Address
POBOX 1069
LAKEVIEW, OR 97630

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Asante Rogue Regional Medical Center | No. Employees, Members<br>501+ Employees | Phone No. |
|---|---|---|

Street Address
2825 E Barnett Road
MEDFORD, OR 97504

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                              City, State and ZIP Code

| DISCRIMINATION BASED ON<br><br>Religion | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                Latest<br>10/05/2021              10/05/2021 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent July 14, 2021. I performed the duties of my position of a registered nurse in a satisfactory manner. Prior to my hiring on July 14, 2021, I informed Respondent that I could not receive the COVID-19 vaccine, which Respondent is stating is a requirement of my position. Respondent agreed to accommodate my religious request prior to my hiring and my acceptance of the contract. However, on October 5, 2021, I was notified I was being discharged October 16, 2021. The reason given for my discharge was that I was fired for misconduct connected with work as per ORS 657.176 regarding my denial of receipt of the Governors mandated requirement for COVID-19 vaccination. I believe I have been discriminated against because of my religion, Natsarim, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mrs. Alice N. Morris**<br>08/08/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Exhibit 1                                                                                                          page 1 of 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/09/2022

**To:** Mrs. Alice N. Morris
POBOX 1069
LAKEVIEW, OR 97630

Charge No: 551-2022-06195

EEOC Representative and email:   Rebecca Davies
Senior Investigator Support Assistant
rebecca.davies@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-06195.

On behalf of the Commission,

Digitally Signed By: Elizabeth M. Cannon
08/09/2022

Elizabeth M. Cannon
Director

Exhibit 2

page 1 of 1